Mutual Thread Company, Appellant, *v.* Oriental Textiles, Inc., and Morris A. Dubroff, Respondents.

First Department, May 16, 1919.

**Contempt — motion to punish defendant for refusal to comply with judgment — practice — jurisdiction of Special Term.**

Upon a motion to punish a defendant for contempt for disobedience of a judgment, said judgment cannot be reviewed nor can the sufficiency thereof be inquired into.

Where upon such a motion it appears that a judgment of the Supreme Court requires an act to be performed by the defendant which upon due proof of service and demand for compliance he has failed to obey, the order should be granted.

Appeal by the plaintiff, Mutual Thread Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of March, 1919, denying its motion to punish the defendant Morris A. Dubroff for contempt of court.

*Sidney J. Loeb* of counsel [*Prince & Nathan*, attorneys], for the appellant.

————— —————, for the respondents.

Page, J.:

The plaintiff brought an action to set aside and declare void a certain chattel mortgage made by the corporation defendant to the individual defendant, and such proceedings were therein had that the issues of said action were tried and the decree

entered setting aside the said chattel mortgage and adjudging the sale and disposition of the same to be void as against the plaintiff, and adjudging that Morris A. Dubroff deliver such of the goods and chattels received by him as remain in his possession unto the plaintiff up to the amount of its judgment, to wit, the sum of $510.62, with interest, together with costs, amounting in all to $690.78, or if he be unable to do so then to pay the value of all said property or the proceeds of any part thereof heretofore sold or disposed of unto the plaintiff up to the said aggregate sum. Proof was made of service of the certified copy of the decree upon the individual defendant with due demand for the delivery of said articles, or in the alternative, to pay the value of said property or the proceeds thereof up to the said sum, and that the said Dubroff has refused and wholly failed to comply with the said decree.

There were no papers submitted in opposition to the motion. The learned justice at Special Term denied the motion, on the ground that he thought that it must be held that the foreclosure of the chattel mortgage occurred prior to the commencement of the action. Where he obtained this information is not disclosed by the papers on appeal, and in any event that matter was not open for consideration before him. If that fact appeared upon the trial of the action and the judgment for that reason was erroneous, an appeal should have been taken. The judgment cannot be reviewed by a justice at Special Term nor can the sufficiency of the judgment in that regard be inquired into upon a motion to punish for contempt for disobedience.

It appearing that a judgment of this court required an act to be performed by the defendant which upon due proof of service and demand for compliance the defendant had failed or refused to obey, the order should have been granted.

The order is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Order to be settled on notice.